Dear Mr. Hall:
On behalf of the City of Bossier City, you have requested the opinion of this office regarding funding of the 1993 Independence Bowl football game, to be held in Shreveport, Louisiana in December of 1993.
Specifically, you ask whether the City of Bossier may contribute $50,000 to the Independence Bowl Committee, for funding of the game. According to your correspondence, the purported public purpose for the City's contribution to the Independence Bowl Committee is the positive economic impact the Independence Bowl is expected to have on the entire Shreveport/Bossier area.
You also ask this office to examine the possibility of the City transferring the contribution through another entity, such as the Economic Development Foundation or the Convention and Tourist Bureau, pursuant to "a contractual relationship for professional services" or "cooperative endeavor".
Your inquiry must be examined in light of La. Const. (1974) Art.VII, Sec. 14(A), which precludes the "funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged or donated to or for any person, association, or corporation, public or private." Although Art. VII, Sec. 14(B) creates certain exceptions to the general prohibition of Art. VII, Sec. 14(A), a contribution by Bossier City to the Independence Bowl Committee does not fit within those exceptions.
We must also examine your request in light of Art. VII, Sec. 14(C), which provides that: "For a public purpose, the state and its political subdivisions may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
These constitutional provisions were interpreted by the Supreme Court in City of Port Allen V. Louisiana Municipal Risk Agency, Inc., 439 So.2d 399 (La. 1983). In City of Port Allen, the Court ruled that Art. VII, Sec. 14 ". . . is violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so." The Court went on to state that the constitutional authorization for cooperative endeavors, contained in Sec. 14(C), does not provide for an exception to the prohibition contained in Sec. 14(A):
 "There is no indication that [Sec. 14(C)] is meant to be an exception to the rule of Sec. 14(A) . . . Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations or to individuals merely for a `public purpose'."
This office is unaware of any constitutional or legal provisions which obligate the City of Bossier City to fund or implement the Independence Bowl. In light of the economic benefit the City expects to receive as a result of this event, we understand the City's desire to foster the football game. However, we cannot consider Bossier City to be under any "obligation" to fund an event which is: (a) already scheduled, and (b) occurring in a city other than Bossier City.
There being no underlying legal obligation or authority for a transfer of public funds by Bossier City to the Independence Bowl Committee, it is the opinion of this office that such a transfer is prohibited by La. Const. (1974) Art. VII, Sec. 14.
We hope this examination of the law is of assistance to you, and particularly, to the Bossier City Council.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav